# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN DE MEDEIROS, | CASE NO. 1:05-cv-00397-AWI-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 38, 39) |
| JAMES A. YATES, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Julian De Medeiros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are two motions from Plaintiff. On June 23, 2009, Plaintiff filed a motion for a temporary restraining order. (Doc. #38.) On June 29, 2009, Plaintiff filed a second motion for a temporary restraining order. (Doc. #39.) Plaintiff seeks a temporary restraining order from the Court that prohibits Defendants from removing or destroying Plaintiff's legal property that is currently being stored at Pleasant Valley State Prison ("PVSP").

Plaintiff argues that he is entitled to a temporary restraining order because officials at PVSP have possession of all his legal property related to pending litigation and the destruction of his legal property will cause irreparable harm. Plaintiff was apparently paroled from Pleasant Valley State Prison and is currently detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement unit ("ICE"). Plaintiff was told by PVSP officials that they will not continue to store Plaintiff's property. Plaintiff was also told that PVSP would forward his property to an

///

address of his choice if Plaintiff provides adequate funds. PVSP officials indicated that the cost to move Plaintiff's 86 boxes of property was estimated to be $2,783.75.

The purpose of a temporary restraining order/preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). In order to obtain a temporary restraining order, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff contends that he will suffer irreparable harm if PVSP officials are allowed to destroy his legal property because he will suffer prejudice in his pending litigation. Even assuming that Plaintiff has met his burden of demonstrating that he is likely to suffer irreparable harm, none of the other factors weigh in Plaintiff's favor. Plaintiff has not presented any evidence that he is likely to succeed on the merits of his claim. The balance of equities are not in Plaintiff's favor. Plaintiff has not cited any authority that suggests that PVSP officials have any legal obligation to continue to store Plaintiff's property. Plaintiff's property was held by PVSP officials for three years. Plaintiff was

given notice of its pending disposal and was given the opportunity to arrange for his property to be sent to another address. Plaintiff was unable to arrange for his property to be sent elsewhere. However, there is no indication that Plaintiff's inability to take custody of his own property was in any way caused by PVSP officials. Finally, Plaintiff has not presented any argument that a temporary restraining order would be in the public's interest.

The Court finds that Plaintiff is not entitled to a temporary restraining order. Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order, filed on June 23, 2009, be DENIED; and

2. Plaintiff's motion for a temporary restraining order, filed on June 29, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 29, 2010**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE