# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN De MEDEIROS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.　　1:05-cv-397-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER<br><br>(ECF Nos. 51 & 52) |

　　　Plaintiff Julian De Medeiros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2010, the Magistrate Judge denied Plaintiff's repeated requests to have his Second Amended Complaint served on the Defendants. (ECF No. 50.) The basis for the Magistrate Judge's ruling was that the Court has yet to screen Plaintiff's Second Amended Complaint. Plaintiff now asks the undersigned to reconsider the Magistrate Judge's ruling.[1]

　　　A party challenging a Magistrate Judge's non-dispositive ruling must show that such ruling was "clearly erroneous" or "contrary to the law." Fed. R. Civ. P. 72(a). Plaintiff argues that his Second Amended Complaint has been screened by the Court and that the Magistrate Judge was mistaken in his belief otherwise. In support of his argument, Plaintiff points to the Court's April 27, 2009 Order vacating a recommendation that the case be dismissed for failure to prosecute which stated: "This action proceeds on the April 14, 2009, second amended complaint." (ECF No. 36.)

---

[1] The Court notes that Plaintiff appears to have filed two separate motions that contain substantially the same argument. This order is intended to address both motions. (ECF Nos. 51 & 52.)

1  Plaintiff argues that this statement shows that the Court screened his Second Amended Complaint
2  and that it should proceed on the merits and be served on Defendants in accordance with Rule 4.
3      Plaintiff misapprehends the meaning of the Court's April 27, 2009 Order.  The Court's
4  statement that "[t]his action proceeds on the April 14, 2009, second amended complaint" does not
5  indicate that the Court had screened the Second Amended Complaint.  That language means only
6  that Plaintiff's Second Amended Complaint is the operative complaint in this matter and will be
7  placed in line for screening.  To date, the Court has yet to screen Plaintiff's Second Amended
8  Complaint and, therefore, service on Defendants is not appropriate.
9      Accordingly, Plaintiff's Request for Clarification and Reconsideration of Order Denying
10 Plaintiff's Motions to Serve the Defendants Pursuant to Fed. R. Civ. P. 4(a0(2) and 28 U.S.C. § 1915
11 is DENIED.  Additionally, Plaintiff's Urgent Motion Directly to the Honorable Anthony W. Ishii,
12 United States District Judge, for Court Service of the Civil Rights Complaint Upon the Defendants
13 Pursuant to Fed. R. Civ. P. 4(a)(2) and 28 U.S.C. § 1915 is DENIED.

15 IT IS SO ORDERED.

16 Dated:    September 5, 2010
17                                    CHIEF UNITED STATES DISTRICT JUDGE