# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN DE MEDEIROS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:05-cv-00397 AWI MJS PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(Docs. #38 & #49)** |

　　　Plaintiff Julian De Medeiros ("Plaintiff") was a state prisoner, and he is now proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  The complaint concerns treatment by prison officials at Pleasant Valley State Prison of prisoners who have been given Immigration Detainers.  Plaintiff is currently in the custody of the United States Department of Homeland Security pending resolution of disputed charges about Plaintiff's removability.  The civil rights action has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　Plaintiff filed a motion for a temporary restraining order.  In his motion, Plaintiff seeks a court order prohibiting Pleasant Valley State Prison officials from destroying Plaintiff's legal property that is still located at Pleasant Valley State Prison.  On February 1, 2010, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's motion for a temporary restraining order be denied.  The Findings and Recommendations was served on Plaintiff and contained notice to Plaintiff that any objection to the Findings and Recommendations was to be filed

within thirty days. After receiving an extension of time, on May 17, 2010, Plaintiff filed objections.

This action was then temporarily stayed while Plaintiff appealed the court's denial of a second motion for a temporary restraining order. Mandate has issued in that appeal, and this court now has jurisdiction to resolve the pending motion and Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations's correct. As explained by the Magistrate Judge, a party seeking a temporary restraining order must demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., – U.S. – , 129 S.Ct. 365, 374 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Indep. Liv. Cntr. of Southern Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376) (internal quotation marks omitted)). In addition, the Prison Litigation Reform Act requires that: "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). When a government agency is involved, the agency must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" see Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," see Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding." Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501 (1974)).

This action primarily concerns Plaintiff's alleged treatment while at Pleasant Valley State

Prison that arose from the Immigration Detainer placed on Plaintiff. Because this Federal Court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear a matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Because the complaint concerns the Immigration Detainer and the motion for a temporary restraining order concerns the potential destruction of Plaintiff's legal documents, there is no controversy present with respect to the legal documents and, as a result, the court cannot address the likelihood of success on the merits.

In addition, to the extent the complaint does address the potential destruction of Plaintiff's legal documents, Plaintiff has not shown a likelihood of success on Plaintiff's access to the court's claim. Inmates have a fundamental constitutional right of access to the courts, including access to their legal documents. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, an inmate does not have an "abstract, freestanding right to a law library or legal assistance", and an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351, 353 n. 3; Hebbe v. Pliler, 611 F.3d at 1206. The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original). Thus, to bring a First Amendment claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis 518 U.S. at 351; Phillips, 588 F.3d at 655.

In this action, the motion for a temporary restraining order only vaguely mentions civil actions Plaintiff cannot proceed with at this time because he does not have his legal documents. The right of access to the courts is designed to ensure that a prisoner's habeas corpus petition or federal civil rights complaint will reach a court for consideration. Entler v. Vail, 2010 WL 2836055, at *1 (9th Cir. 2010) (citing Cornett v. Donovan, 51 F.3d 894, 896 (9th Cir.1995). The Supreme Court

has specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Lewis, 518 U.S. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett, 51 F.3d at 898 (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus). The constitutional duty to provide access to courts does not extend beyond the pleading stage. Donnan v. Cook, 2010 WL 3431823, at *1 (S.D.Cal. 2010); Richardson v. Bryant, 2010 WL 2877499, at *5 (E.D.Cal. 2010); Brown v. Adams, 2010 WL 2486745, at *1 (E.D.Cal. 2010); Patch v. Arpaio, 2010 WL 432354, at *2 (D.Ariz. 2010); Brooks v. Soto, 2009 WL 2025325, at *5-6 (C.D.Cal. 2009); Hurtado v. Felker, 2009 WL 1759720, at *1 (E.D.Cal. 2009); Entler v. Vail, 2009 WL 1543525, at *3 (W.D.Wash. 2009). Because Plaintiff has failed to show that a criminal appeal, habeas petition, and/or civil rights action cannot be filed in court, Plaintiff has failed to show that he is likely to succeed on the merits of any access to the courts civil rights claim.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The Findings and Recommendations, filed February 1, 2010, is adopted;

   2. Plaintiff's motion for a temporary restraining order is denied; and

   3. This action is referred to the Magistrate Judge to review and screen the July 17, 2009 second amended complaint.

IT IS SO ORDERED.

Dated: September 30, 2010

                   CHIEF UNITED STATES DISTRICT JUDGE