UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN DE MEDEIROS, | 1:05-cv-0397-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION; |
| v. | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT |
| JAMES A. YATES, et al, | |
| Defendants. | (ECF Nos. 73 and 83) |
| _____/ | OBJECTIONS DUE SEPTEMBER 19, 2011 |

Plaintiff Julian De Medeiros ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on March 25, 2005.  (ECF No. 1.)  Plaintiff filed a First Amended Complaint on March 30, 2005.  (ECF No. 4.)  The Court screened the First Amended Complaint and dismissed it with leave to amend on April 11, 2008.  (ECF No. 10.)  Plaintiff filed his Second Amended Complaint on April 14, 2009.  (ECF No. 35.)  The Court screened it on February 3, 2011, and dismissed it for failure to state a claim, but again gave Plaintiff leave to file an amended complaint.  (Order, ECF No. 73.)  Plaintiff was to file his Third Amended Complaint by March 7, 2011.  (Id.)

Plaintiff has instead filed several motions requesting an extension of time to file his Third Amended Complaint.  (ECF Nos. 74, 76, 77, 79, 81.)  Four of Plaintiff's requests

-1-

were granted and one was denied as moot. (ECF Nos. 78, 80, 82.) In its Order granting Plaintiff's penultimate request for an extension, the Court stated that "Absent new and different circumstances constituting good cause, no further extensions should be requested." (ECF No. 80.) Pursuant to this Order, Plaintiff was to file his Third Amended Complaint by July 25, 2011. (Id.)

On July 28, 2011, Plaintiff filed yet another Motion to Extend Time to File a Third Amended Complaint. (Mot., ECF No. 83.) This is Plaintiff's fifth request for an extension of time to file his Third Amended Complaint. Plaintiff states that on July 19, 2011, he was placed in medical isolation for three to four weeks and, thus, left unable to complete and submit his Third Amended Complaint. (Mot. at 1-2.) However, despite his medical isolation, Plaintiff was able to, and did, prepare and file this Motion to Extend Time. The effort and success spent in filing the Motion could and should have been devoted to filing the Third Amended Complaint as ordered by the Court. Accordingly, and given the inordinate number of extensions of time already granted to Plaintiff, the Court does not find good cause for yet another extension.

In his current Motion to Extend Time, Plaintiff states an intent to proceed on his Second Amended Complaint if he is not given time to file a Third Amended Complaint, (Id. at 1.) However, the Court has already ruled that the Second Amended Complaint did not contain any cognizable claims. Thus, the Court is left with nothing but Plaintiff's failure to follow the Court's Order that he file a Third Amended Complaint by July 25, 2011.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." District courts

have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

Plaintiff has not shown good cause for an extension of time to file a Third Amended Complaint. Plaintiff cannot stand on his Second Amended Complaint since it has been found to not state a claim upon which relief could be granted, and it has been dismissed. Plaintiff has failed to file an amended complaint as ordered by the Court.

Accordingly, the Court,

1. DENIES Plaintiff's Motion to Extend Time to File an Amended Complaint (ECF No. 83); and

2, RECOMMENDS that this case be dismissed for failure to state a claim upon which relief could be granted and for failure to obey a court order.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Not later than September 19, 2011, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 24, 2011           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE